# Mary Ellen Woods, Plff. in Err., v. William Russell.

Evidence that a written contract was varied by a parol arrangement subsequently made between the parties is admissible.

(Decided October 5, 1885.)

Error to the Common Pleas of Mifflin County to review a judgment for defendant. Affirmed.

This was an action in assumpsit, upon a certificate of deposit of which the following is a copy:

$635.00                                     Lewiston, January 15, 1868.

Deposited, to the credit of Mary Ellen Woods, in the office of Discount and Deposit of William Russell, six hundred and thirty-five dollars.                                     W. Russell.

Defendant admitted the execution of the instrument, but alleged that, at plaintiff's request, the fund had been used in the purchase of government bonds which had been delivered to her, and that thereby the certificate of deposit was canceled. The facts of the case appear in the charge given by the trial judge:

Charge. The plaintiff sues to recover a sum of money which she alleges she deposited with the defendant, a banker doing business in this town. She gave in evidence a certificate of deposit, dated January 15, 1868, signed by the defendant, and showing that she had deposited in his bank on that day the sum of $635. This was followed by evidence that, in October or November, 1877, plaintiff, in company with her daughter, Mrs. Cunningham, and Mr. Culbertson, her attorney, called upon the defendant and demanded the money covered by the certificate of deposit, when the defendant replied that he had paid it in government bonds which plaintiff had drawn out of the bank. This the plaintiff then and there denied. If the case had stopped here, the jury might have found for the plaintiff; but it did not. The defendant was called as a witness, and he swears that it was

---

NOTE.—Parol evidence is admissible to prove an agreement supplementary to the written agreement, or as a substitute for it. Malone v. Dougherty, 79 Pa. 46; The Dictator v. Heath, 56 Pa. 290; Whitney v. Shippen, 89 Pa. 22. The burden of proving the change is on the party alleging it. Hyde v. Kiehl, 183 Pa. 414, 38 Atl. 998.

understood when the deposit was made, he was to purchase government bonds for the plaintiff, with the funds deposited. That he did so a few days afterward, and gave to the plaintiff six $100 government bonds; that the premium on the bonds was $2.80 in excess of the deposit, which the plaintiff agreed to call in a few days after the bonds were delivered to her, and pay, which was done. He further swears that in July, subsequently, he cut the coupons off the bonds when the plaintiff brought them to him for collection, forwarded them for payment, and handed to her the proceeds after the same was received, which, with premiums, amounted to $25. If this evidence is believed, there is an end of the plaintiff's case, and she cannot recover. But the plaintiff insists this evidence is unworthy of belief. She swears she never agreed to accept bonds for the deposit and never did receive them. She swears that she did not make the deposit in the bank herself, but that it was done by her husband; that he brought her this certificate in January, 1868, and left home the next morning for Mississippi. Mrs. Cunningham swears she first saw the certificate of deposit when her father (husband of plaintiff) came home from Mississippi and gave it to her mother, who kept it hid under the carpet. The defendant insists that the plaintiff is unworthy of belief because he has called a number of witnesses who impeach her character for truth and veracity. You will remember their evidence. You will also remember that she has called a number of witnesses who testify that her character for truth and veracity is good. It is for the jury to determine where the truth lies in this conflict of evidence. In determining the disputed fact, the jury will consider all the evidence upon the one side, as well as upon the other. There was no demand made for this money for about nine years, and suit was not brought for its recovery until about five years after demand was made, and defendant alleged he had paid it. This, of itself, is not evidence that it was paid, but it is a circumstance that the jury may consider in determining where the truth lies. If you believe, from all the evidence, that the defendant's version is correct, find for him. If, however, you believe, that the plaintiff has made out her case, find for her the amount of the deposit with interest from October or November, 1877, the time when the demand was made and defendant refused to pay.

The jury found for the defendant and the plaintiff brought error.

*J. A. McKee* for plaintiff in error.

*Woods & McCoy* for defendant in error.

PER CURIAM:

This contention is purely one of fact. The evidence in support of the allegation was sufficient to go to the jury, and it was well submitted. Its purpose was not to reform the writing, nor to contradict the language thereof, but to establish a subsequent arrangement between the parties.

Judgment affirmed.